# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,   :  Case No. 3:18-cr-172
                  Also Case No. 3:22-cv-275

                  District Judge Thomas M. Rose
                  Magistrate Judge Michael R. Merz

  - vs -

A. PHILIP THOMAS CHRISTIAN
 DAUGHERTY,

       Defendant.   :

---

# REPORT AND RECOMMENDATIONS

---

This proceeding under 28 U.S.C. § 2255 is before the Court for decision on the merits on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 200), the Response of the United States (ECF No. 206) and Defendant's Reply (ECF No. 213).

**Litigation History**

On November 27, 2018, a grand jury for this District indicted the Defendant along with three co-defendants on a variety of charges related to an October 24, 2018, armed carjacking in Dayton, Ohio. The Defendant was charged in Count 2 of the Indictment with carjacking in violation of 18

1

U.S.C. §§ 2119 and 2; in Count 3 with use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; and in Count 4 with conspiracy in violation of 18 U.S.C. § 371. (Indictment, ECF No. 27). Defendant pleaded guilty to Counts 2 and 4, but requested and received a bench trial on Count 3 (ECF No. 110, 116, 118).

Count 3 came on for trial before District Judge Rose on June 17, 2020. At the conclusion of the trial, Defendant absconded from custody and was at large for four months. On November 10, 2020, a grand jury for this district indicted Defendant for a separate offense in Case No. 3:20-cr-132 on one count of possession of a firearm as an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On March 16, 2021, the defendant pled guilty to this subsequent indictment.

Meanwhile on December 4, 2020, the Court announced its guilty verdict in the bench trial concerning Count 3. (ECF No. 179). Both cases were then set for sentencing on May 3, 2021. In this case, the Court sentenced the Defendant to thirty months on Count 2; 120 months on Count 3, and thirty months on Count 4 with the sentences in Counts 2 and 4 to run concurrently, and the sentence on Count 3 to run consecutively. (ECF No. 185). Daugherty appealed, but the Sixth Circuit affirmed. *United States v. Daugherty*, Case No. 21-2549 (6th Cir. Mar. 16, 2022)(unpublished; copy at ECF No. 196).

Defendant filed the instant § 2255 Motion *pro se* on September 26, 2022, pleading the following Grounds for Relief:

> **Ground One:** My attorney raised no objection to the presentence report.
>
> **Supporting Facts:** The Presentence Report noted that Daugherty had been convicted of violating 18 U.S.C. § 924(c)(1)(A)(iii) and that this conviction carried a 10-year mandatory minimum prison

term (PSR 87-88).  Daugherty raised no objection to the presentence report.

**Ground Two:**  Raised no objection to the District Court's calculation of his sentence.

**Supporting Facts:**  The Court noted that there was a 10-year mandatory prison term for a conviction under 924(c)(1)(A)(iii)(R. 191, sentencing transcript 1056).  Daugherty raised no objections to the district court's calculation of the sentence. (See *Id.* at 1069-75).

**Ground Three:**  The District Court was not asked to consider whether he was guilty of the lesser offense.

**Supporting Facts:**  The District Court was not asked to consider wheather [sic] he was guilty of these lesser offense of using a firearm without discharging.  Daugherty never suggested that the district court could find him guilty of the lesser offense of using a firearm. 924(c).  Daugherty never suggested that the district court could find him guilty of the lesser offense of using a firearm without discharging.

**Ground Four:**  Raised no objection to the District Court's imposition of sentence including in response to the District Court's *Bostic* question.

**Supporting Facts:**  Daugherty raised no objection to the District Court's imposition of sentence including in response to the District Court's *Bostic* question. (R. 191, sentencing transcripts 1096).

(Motion to Vacate, ECF No. 200, PageID 1121-25).

Daugherty makes clear each of these is a claim of ineffective assistance of trial counsel by noting that he did not raise the claim on direct appeal because such claims are supposed to be raised in a § 2255 proceeding.  That accurately represents the Sixth Circuit position on ineffective assistance of trial counsel claims, even when they could be adjudicated on the direct appeal record.

3

*Massaro v. United States*, 538 U.S. 500 (2003); *United States v. Neuhausser*, 241 F.3d 460 (6th Cir. 2001); *United States v. Fortson,* 194 F.3d 730, 736 (6th Cir. 1999).

The Sixth Amendment to the United States Constitution guarantees every criminal defendant the effective assistance of an attorney.  If a defendant is charged with a jailable offense and cannot afford an attorney, counsel must be appointed at government expense.

In this case the Court took the first step in that direction by appointing Assistant Federal Defender Cheryll Bennett as Daugherty's counsel (ECF No. 16)[1].  She continued to represent Daugherty throughout the case until it was appealed.

The Sixth Amendment guarantees not just that an attorney will be appointed, but that that attorney will provide effective assistance.  As noted, all of Daughetry's claims are that Ms. Bennett provided ineffective assistance in one way or another.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

---

[1] Apparently at his initial appearance on November 13, 2018, Daugherty had represented he could retain counsel (See Minute Entry for 11/13/2018).  When that turned out not to have happened by the time of the detention hearing, Ms. Bennett was appointed (ECF No. 8).

4

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the

5

> outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id.*, at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id.*, at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

In the Order for Answer, the Court found that by alleging ineffective assistance of trial counsel, Daugherty had waived attorney-client communication privilege as to any communications between himself and Ms. Bennett that would be relevant to his claims (ECF No. 203, PageID 1139).  With that in mind, Ms. Bennett has filed an Affidavit regarding her representation of Daugherty (Attachment to ECF No. 206).  Relevant to Daugherty's Grounds for Relief, Ms. Bennett avers:

> 5.     At the conclusion of Mr. Daugherty's trial, I did not argue for a lesser offense of using a firearm, as the facts elicited at trial; that either Mr. Daugherty or his codefendant discharged the firearm, did not support such argument.

> 6.     I did not object to the presentence investigation report, as I found no basis for objecting to the probation officer's finding that Mr. Daugherty had been convicted of violating l8 U.S.C. § 924(c)(l)(A)(iii), and was therefore subject to a 10-year mandatory imprisonment term. The facts elicited at trial supported the Court's guilty finding on that charge, and the probation officer's assessment.

7.     I did not object to the Court's sentencing calculation that Mr. Daugherty was subject to a 10-year mandatory, consecutive imprisonment term, as the facts elicited at trial supported the Court's finding that Mr. Daugherty's co-defendant did not simply use the firearm. but he, in fact, discharged same. As such, the Court noting that a 10-year mandatory minimum prison sentence applied was not error.

8.     I did not object to the Court's imposition of a l0-year mandatory, consecutive sentence, as such was in accordance with the statutory mandate, and wholly supported by the Court's finding that Mr. Daugherty's co-defendant discharged the firearm involved in the carjacking.

(Affidavit, ECF No. 206-1, PageID 1150). For each of Daugherty's Grounds for Relief, she admits she did not make the objection of whose omission he complains, but avers no such objection was warranted by the evidence.

Daugherty had Ms. Bennett's Affidavit before him when he prepared his reply (Captioned by him "Response In Opposition To The Governments Reply Brief To Defendants 2255 Motion"). The Reply does nothing to undercut the premise of Ms. Bennett's Affidavit, to wit, that it is not and cannot be deficient performance by an attorney to fail to make an objection which is not legally justified or warranted by the facts. The Reply does nothing to show that an objection to the Presentence Report or Judge Rose's guideline calculation was warranted. Daugherty does not even suggest what part of the PSI or Judge's Rose's calculation is in error.

Daugherty also claims some objections should have been made when the *Bostic* question was asked. The Sixth Circuit has held that after announcing a proposed sentence, the court should ask the parties whether they have any objection to the sentence that they have not previously raised. *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004); *United States v. Vonner*, 516 F.3d 382 (6th

Cir. 2008)(en banc).   Judge Rose asked that question and counsel for both parties said they had no further objection (Transcript, ECF No. 191, PageID 1090).  Here again Daugherty asserts Ms. Bennett should have made an objection, but he does not suggest what it should have been or why it would have had any merit.

Daugherty was convicted at trial of discharging a firearm in the course of committing a crime of violence on an aiding and abetting theory.  That is, the testimony at trial was that a co-defendant fired the gun in the air in the course of the carjacking in which all four defendants participated.  There was also testimony that the gun was Daugherty's, purchased at Don's Pawn Shop on East Third Street in Dayton.

In Ground Three Daugherty argues he could have been found guilty of the lesser included offense of using a firearm in the course of a crime of violence, rather than discharging one, a conviction which would have carried a five-year mandatory minimum sentence as opposed to the ten-year mandatory minimum for discharging the gun.  Daugherty asserts it was ineffective assistance of trial counsel for Ms. Bennett to fail to argue that he could be found guilty of that lesser-included offense.

Here again Ms. Bennett indicates the evidence did not support that argument.   The Magistrate Judge agrees.  If this case had been tried to a jury, the Court would have refused to give an instruction on the lesser included offense because the evidence was unequivocal in showing the firearm was discharged.  Daugherty was indeed an aider and abettor in the carjacking scheme – he pleaded guilty to conspiring in that offense.  He offers no authority for the proposition that failing to request a less-included offense findings constitutes ineffective assistance of trial counsel when the facts would not support a finding to that effect.

8

There is no need for an evidentiary hearing in this matter:  Judge Rose's findings of fact, Ms. Bennett's Affidavit, and the admissions made by Daugherty, taken together, do not leave material facts undetermined.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 23, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge